UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROYCE REED,

    Defendant.

CASE NO. CR06-346C

ORDER

    This matter comes before the Court on Defendant Royce Reed's Motion to Review Detention Order (Dkt. No. 14). The Court has considered the papers submitted by the parties, and pursuant to *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990), the Court has conducted a *de novo* review of the facts. Having heard oral argument, the Court hereby finds and rules as follows:

    This Court shall, upon motion, promptly conduct a review of a magistrate judge's order of detention. 18 U.S.C. § 3145(b); Local Rule MJR 11. On September 22, 2006, Magistrate Judge Monica J. Benton ordered Defendant detained. (Detention Order (Dkt. No. 7).)

    Defendant was arrested on September 18, 2006 and charged in a two-count indictment, charging him for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and for possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and

ORDER – 1

841(b)(1)(C).

Defendant was convicted on a state drug felony in March 2005. The Kent Police Department went to Defendant's residence in the early morning hours of August 11, 2006 with a search warrant for Defendant on an outstanding felony arrest warrant. Defendant was not home, but several minutes later Defendant drove up. During a search incident to arrest, officers discovered 16.7 grams of suspected cocaine powder in his pants pocket, which field-tested positive. Upon K-9 inspection of the vehicle, the officers were alerted to the front engine compartment and obtained a search warrant for the vehicle. They found a Glock Model 19, 9mm semi-automatic pistol under the passenger seat. A nylon holster was under the driver's seat. Defendant was read his Miranda rights and spoke to police. These federal charges ensued. At the time of this incident, Defendant was on supervision by the State of Washington for his state drug felony. He was released on August 30, 2006 and later arrested at his probation officer's office mid-September.

Detention determinations are governed by 18 U.S.C. §§ 3141 and 3142. The factors to be considered are found in § 3142(g):

(1) the nature and circumstances of the offense, including whether the offense is a crime of violence or an offense carrying a maximum term of imprisonment of 10 years or more or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including
   (a) character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug/alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
   (b) whether at the time of the current offense or arrest, the person was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence under federal, state, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Moreover, there is a rebuttable presumption in narcotics cases in favor of detention in cases where the maximum statutory detention is 10 years or more. 18 U.S.C. § 3142(e). This presumption applies here.

ORDER – 2

The Court now finds, after considering the factors of § 3142(g) and the facts of this case that there is no set of conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, within the meaning of § 3142(f).  Defendant has not submitted sufficient evidence to overcome the presumption in favor of detention.  Accordingly, Defendant's motion is DENIED and Magistrate Judge Benton's Detention Order is AFFIRMED.

SO ORDERED this 26th day of October, 2006.

John C. Coughenour
United States District Judge

ORDER – 3